### In the Matter of Alan MERIDETH.

### No. 10S00–9704–DI–259.

Supreme Court of Indiana.

May 28, 1998.

Alan Merideth, Pro Se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

By falsely informing his client that a settlement had been reached in resolution of civil litigation and then by paying to his client bogus settlement funds, respondent Alan Merideth violated the *Rules of Professional Conduct for Attorneys at Law.* For that misconduct, which the respondent admits, the respondent and the Disciplinary Commission agree that the respondent should be suspended from the practice of law in this state for at least one year.[1] Their agreement is now before us for approval.

The respondent was admitted to the bar of this state in 1989 and during relevant times was a member of a Jeffersonville, Indiana law firm. In October 1993, the respondent filed a civil action in the Jefferson Circuit Court on behalf of a client, a California automobile dealership (the "plaintiff"). On December 8, 1993, the defendant, a Madison, Indiana auto dealer, filed an answer, counterclaim, and a request for production of documents. The respondent did not respond to the counterclaim and failed to answer the request for production. In September 1994, the respondent contacted a representative of

---

1. Ind.Admission and Discipline Rule 23, Section     11(c).

the plaintiff and advised him that the defendant had offered to settle the litigation for $6,000. The plaintiff's representative accepted the settlement. In fact, the defendants had not offered to settle. On September 20, 1994, the respondent gave his secretary a check for $6,000, drawn on the respondent's personal checking account, along with a note advising her to deposit the check in the respondent's law firm's escrow account. The note further directed the secretary to prepare an escrow account check for $5,800 made payable to the plaintiff and to transmit the check to California by fastest priority mail. The note concluded with instruction that she shred and burn the note after accomplishment of the "mission" described therein. Another attorney in the respondent's law firm later discovered the fraudulent settlement and immediately discharged the respondent.

Indiana Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. By falsely informing his client that a settlement had been reached and causing the bogus settlement check to be produced and delivered to the plaintiff, the respondent violated Ind.Professional Conduct Rule 8.4(c). The respondent violated Prof.Cond.R. 1.15(a), which prohibits lawyers from commingling their own funds with those of clients or third persons, by depositing his personal funds into the firm's escrow account.[2] Professional Conduct Rule 1.4 requires lawyers to keep clients reasonably informed about the status of their clients' legal matters and to explain matters to the extent reasonably necessary to permit clients to make informed decisions regarding the representations. The respondent's communication with his clients failed to do either and thus violated Prof.Cond.R. 1.4. Professional Conduct Rule 3.2 requires lawyers to make reasonable efforts to expedite litigation consistent with their clients' interests. By failing to take any legitimate action after filing the complaint, the respondent violated Prof. Cond.R. 3.2.

We find that the agreed sanction, a suspension from the practice of law for at least one year, is appropriate for the respondent's misconduct. Beyond filing an initial complaint, the respondent took no legitimate action in furtherance of his client's case. After allowing the matter to languish for almost one year, the respondent, to appease his client, concocted and perpetuated the existence of the phony settlement. His sham denied the client the opportunity to participate in any meaningful way in the decision-making relative to the case. He then resorted to trust-fund mismanagement to conclude the fraud. The American Bar Association advises that suspension is appropriate where a lawyer knowingly fails to perform services for a client or where a lawyer knowingly deceives a client. See ABA *Standards for Imposing Lawyer Discipline*, Standard 4.4 and 4.62. The respondent did both, and therefore deserves a significant period of suspension.

It is, therefore, ordered that the respondent, Alan Merideth, be suspended from the practice of law for a period of not less than one year, beginning July 1, 1998. At the conclusion of that period, he may petition this Court for reinstatement to the practice of law in this state, provided he pays the costs of this proceeding, complies with Admis.Disc.R. 23(4), and otherwise satisfies our requirements for reinstatement.[3]

---

2. Professional Conduct Rule 1.15(a) provides:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

3. Effective February 1, 1998, lawyers who have been suspended from the practice of law shall not undertake any new legal matters between service of the order of suspension and the effective date of the discipline. Further, upon the effective date of the order, they may not maintain a presence or occupy an office where the practice of law is conducted. A lawyer suspended for a period of more than six months shall take such action as is necessary to remove any indicia of

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

lawyer, counselor at law, legal assistant, law clerk, or similar title. *See* Admis.Disc.R. 23(26)(b). Within 20 days from the date of notice of the suspension, a suspended lawyer must file with the Clerk of this Court an affidavit showing that all clients being represented by the lawyer in pending matters have been notified, by certified mail, return receipt requested, of the nature and duration of the suspension, and all pending matters of clients requiring the attorney's services during the period of suspension

have been placed in the hands and care of an attorney admitted to practice before this Court with the consent of the client. Clients who do not consent to be represented by substitute counsel must be advised to seek the services of counsel of their choice. *See* Admis.Disc.R. 23(26)(c).